**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

In Re: VALU FOOD, INCORPORATED
and SO-LO FOODS, INCORPORATED,
                              *Debtors.*

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS, on behalf of
jointly administered bankruptcy
estates of Valu Food, Incorporated,
So-Lo Foods, Incorporated,
                *Plaintiff-Appellant,*

                v.

HECHINGER PROPERTY COMPANY,
                *Defendant-Appellee.*

No. 01-1866

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, Chief District Judge.
(CA-01-921-S, BK-98-66267-JS, BK-98-66268-JS)

Submitted: December 27, 2001

Decided: January 18, 2002

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Paul M. Nussbaum, Brent C. Strickland, WHITEFORD, TAYLOR &
PRESTON, L.L.P., Baltimore, Maryland, for Appellant. David Dane-

man, Kristen Case Lawrence, BISHOP, DANEMAN & REIFF, L.L.C., Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

The Official Committee of Unsecured Creditors of Valu Food, Inc., and So-Lo Foods, Inc., appeals from the district court's order affirming the bankruptcy court's order granting summary judgment in favor of Hechinger Property Company on its motion for payment of rent as a priority, administrative expense of the estate. This court reviews the judgment of a district court sitting in review of a bankruptcy court de novo, applying the same standards of review that were applied in the district court. *Three Sisters Partners, L.L.C. v. Harden (In re Shangra-La, Inc.)*, 167 F.3d 843, 847 (4th Cir. 1999). Specifically, the bankruptcy court's factual findings are reviewed for clear error, and legal determinations are reviewed de novo. *Loudoun Leasing Dev. Co. v. Ford Motor Credit Co. (In re K & L Lakeland, Inc.)*, 128 F.3d 203, 206 (4th Cir. 1997). The facts in this case are undisputed; accordingly, review is de novo.

We find that the record supports the bankruptcy court's conclusion that Hechinger's rent claim represented an actual and necessary cost of preserving the estate pursuant to 11 U.S.C. § 503(b)(1)(A) (1994). *Devan v. Simon DeBartolo Group, L.P. (In re Merry-Go-Round Enters., Inc.)*, 180 F.3d 149 (4th Cir. 1999). Accordingly, we affirm.

*AFFIRMED*